I concur in the portion of the majority's opinion that holds that the fraud claims are not preempted by ERISA, but because I am of the opinion that this was a "governmental plan," I would hold that none of the claims in this case are preempted, and I would affirm.
ERISA defines "governmental plan" as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32). The factors listed in Rose v.Long Island R.R. Pension Plan, 828 F.2d 910 (2d Cir. 1987), cert. denied, 485 U.S. 936, 108 S.Ct. 1112, 99 L.Ed.2d 273
(1988), show that the "governmental plan" exception should be interpreted broadly. In this case, the plan was for government employees and their dependents; its trustees consisted of government employees who established and maintained the plan, and it was partially funded with government money. I believe that this plan was exempt from ERISA and that none of the plaintiffs' claims are preempted. Therefore, I must dissent from that portion of the majority's opinion holding that certain claims were preempted.